## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STILLWATER DESIGNS AND AUDIO INC. d/b/a KICKER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-24-784-SLP |
| PAUL KLEIN d/b/a 702 MOTORING, | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

### COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Stillwater Designs and Audio, Inc. d/b/a Kicker ("Kicker" or "Plaintiff"), by and through its undersigned counsel, complains of Defendant Paul Klein's d/b/a 702 Motoring ("Defendant") conduct and alleges upon information and belief as follows:

### NATURE OF THIS ACTION

1.     Kicker seeks injunctive relief and monetary damages for Defendant's trademark infringement and false advertising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as well as related state law claims arising from Defendant's breach of contract, improper sale of Kicker products, use of trademarks owned or used by Kicker, false advertising, and unfair and deceptive business practices.

2.     As described in more detail below, Defendant has breached the Authorized Dealer Agreement entered into between Defendant and Kicker by continuing to advertise and sell Kicker products, improperly use Kicker's intellectual property, and represent itself as an authorized dealer of Kicker products to consumers, all without authorization.

1

Moreover, Defendant falsely advertises the Kicker products its sells by advertising specific Kicker product models yet selling and delivering different Kicker product models.

3.      As a result of Defendant's actions, Kicker is suffering a loss of the enormous goodwill that Kicker has created in its trademarks and is losing profits from lost sales of products.   This action seeks permanent injunctive relief and monetary damages for Defendant's breach of contract and infringement of Kicker's intellectual property rights, including liquidated damages in relation to Defendant's breach.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

5.      This Court has supplemental jurisdiction over the pendant state law claims pursuant to 28 U.S.C. § 1367(a).

6.      Defendant is subject to personal jurisdiction in the State of Oklahoma and this District because:  (a) Defendant entered into a forum selection clause that identifies this District as the exclusive district for resolution of the disputes between the parties; (b) Defendant has sold numerous products into the State of Oklahoma and this District; (c) Defendant has caused tortious injury to Kicker's trademarks within the State of Oklahoma and this District; (d) Defendant practices the unlawful conduct complained of herein, in part, within the State of Oklahoma and this District; (e) Defendant regularly conducts or solicits business within the State of Oklahoma and this District; (f) Defendant regularly and systematically directs electronic activity into the State of Oklahoma and this District

2

with the manifest intent of engaging in business within the State of Oklahoma and this District, including the sale and/or offer for sale to Internet users within the State of Oklahoma and this District; and (g) Defendant enters into sales contracts with residents of the State of Oklahoma and this District through the sale of items on various online commerce websites.

7.     Venue is proper in the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## PARTIES

8.     Plaintiff Stillwater Designs & Audio, Inc. d/b/a Kicker is an Oklahoma corporation with its principal place of business in Stillwater, Oklahoma.  Kicker designs, manufactures, and sells a variety of audio products, including speakers, amplifiers, and headphones.  Kicker sells products through authorized distributors and dealers.

9.     Defendant Paul Klein d/b/a 702 Motoring is an individual who resides in Nevada. Defendant has a principal place of business located at 3375 E. Tropicana Ave., Las Vegas, Nevada 89121.   Defendant does business or has done business and sold products to consumers, including Kicker Products, within the State of Oklahoma and this District through various online commerce sites, including, but not limited to, eBay.com, using the seller names, "702-motoring" and "A2Z-Car-Audio-Superstore" and its own website www.702motoringlavegas.com.  Defendant is an unauthorized dealer of Kicker Products.

3

<u>**FACTS**</u>

***Kicker's Trademark Usage***

10.    The U.S. Patent and Trademark Office ("PTO") has issued several registrations for marks used with audio products and accessories (hereinafter, the "Kicker Marks").  The Kicker Marks include, but are not limited to:

| Mark | Reg. Date | Reg. No. | Class/Goods |
|------|-----------|----------|-------------|
| KICKER | October 27, 1987 | 1,462,647 | Stereo Speakers. |
|  | April 11, 1995 | 1,888,305 | Speakers. |
|  | July 25, 1995 | 1,907,120 | Stereo speakers. |
| STILLWATER DESIGNS | December 8, 1987 | 1,468,124 | Audio equipment, namely stereo speaker systems for home and car and parts thereof. |

11.    The Kicker Marks have been in continuous use since at least their respective dates of registration.

12.    Kicker advertises, distributes, and sells its products to consumers under the Kicker Marks.

13.    Kicker has also acquired common law rights in the use of the Kicker Marks throughout the United States.

14.    The federal trademark registrations for the Kicker Marks were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of the validity of the Kicker Marks.

15.     Kicker has invested a substantial amount of money and has expended significant time and effort in advertising, promoting, and developing the Kicker Marks throughout the United States and the world.  As a result of such advertising and promotion, Kicker has established substantial goodwill and widespread recognition in the Kicker Marks, and the Marks have become associated exclusively with Kicker and its products by both customers and potential customers, as well as the general public at large.

16.     To create and maintain such goodwill among its customers, Kicker has taken substantial steps to ensure that products bearing the Kicker Marks are of the highest quality. As a result, the Kicker Marks have become widely known and are recognized throughout the United States and the world as symbols of high quality products.

17.     As a result of, *inter alia*, the care and skill exercised by Kicker in the conduct of its business, the high quality of the goods sold under the Kicker Marks, and the extensive advertising, sale, and promotion by Kicker of its products, the Kicker Marks have acquired secondary meaning in the United States and the world, including this District.

18.     Kicker is not now affiliated with Defendant, and Defendant is not authorized to use the Kicker Marks.

***Kicker's Authorized Dealer Network***

19.     Another critical investment that Kicker has made to ensure that the Kicker Products are of the highest quality is the development of a nationwide network of authorized dealers ("Authorized Dealers" and the "Authorized Dealer Network").

318960671.3

KICKER proudly offers its products through a carefully selected Authorized Dealer network. Only products purchased from a KICKER Authorized Dealer qualify for the manufacturer's warranty and are backed by years of outstanding customer service through our Authorized Dealer network.

20.     As a prerequisite to becoming part of the carefully selected Authorized Dealer Network, Kicker requires that its Authorized Dealers execute an agreement (the "Authorized Dealer Agreement"), which requires that such Authorized Dealer meet certain customer service responsibilities and allows it to sell Kicker Products only at the locations and websites designated in the Authorized Dealer Agreement.  For example, Kicker requires that its Authorized Dealers maintain current knowledge of Kicker Products and assist with repairs and service under the Kicker Manufacturer's Warranty.

21.     The terms of the Authorized Dealer Agreement also prohibit the transshipment, diversion, or transfer of any Kicker Products to any other party. Furthermore, as part of its normal business dealings with its Authorized Dealer Network, Kicker prohibits its Authorized Dealers from transshipping Kicker Products to other resellers.

22.     Only products purchased from an Authorized Dealer qualify for Kicker's extensive manufacturer's warranty (the "Kicker Manufacturer's Warranty") and are supported by the extensive customer service of its Authorized Dealer Network.

6

23.     Specifically, the Kicker Manufacturer's Warranty[1] states:

**WHAT IS NOT COVERED?**

This warranty is valid only if the product is purchased from an Authorized KICKER Dealer or kicker.com and used for the purpose for which it was designed. It does not cover:

- Damage due to improper installation and/or subsequent damage to other components.
- Damage caused by exposure to moisture, excessive heat, chemical cleaners, and/or UV radiation.
- Damage through negligence, misuse, accident or abuse.
- Repeated returns for the same damage may be considered abuse.
- Any cost or expense related to the removal or reinstallation of product.
- Speakers damaged due to amplifier clipping or distortion.
- Items previously repaired or modified by any unauthorized repair facility.
- Return shipping on non-defective items.
- Products with tampered or missing barcode labels.
- Products returned without a Return Merchandise Authorization (RMA) number.
- Freight Damage.
- The cost of shipping product to KICKER.
- Service performed by anyone other than KICKER.

24.     Defendant was aware of the requirements of Kicker's Authorized Dealer Network at all relevant times, as Defendant applied for and executed an Authorized Dealer Agreement with Kicker on January 29, 2021.

25.     Kicker has invested and expended significant time and effort in advertising, promoting, and developing its Authorized Dealer Network.  As a result of such advertising and promotion, Kicker has established substantial goodwill and widespread recognition in the Kicker Products, which have become associated exclusively with Kicker by both customers and potential customers, as well as the general public at large.

***Defendant's Post-Termination Conduct***

26.     Defendant applied for and executed an Authorized Dealer Agreement with Kicker on January 29, 2021 (the "Agreement").

---

[1] *Available at*:  https://www.kicker.com/warranty.

27.     By executing the Agreement with Kicker, Defendant agreed to the manner in which Kicker Products may be advertised and sold.

28.     Pursuant to Section 12 of the Agreement, Kicker was permitted to terminate the Agreement by providing thirty (30) days' notice of termination.

29.     Section 12 states, in relevant part that:

> **DURATION / TERMINATION OF AGREEMENT:**
> Either party may terminate this Agreement at any time by giving thirty (30) days' notice of termination to the other. No termination will release Dealer from any of its obligations accrued prior to termination.

30.     Kicker terminated the Agreement in writing on June 16, 2022. Upon termination of the Agreement, Defendant was no longer authorized to advertise or sell any Kicker Products or use Kicker's intellectual property, including, but not limited to, the Kicker Marks.  Defendant was further prohibited from holding itself out as an Authorized Kicker Dealer.

31.     Specifically, Section 15 of the Agreement states, in relevant part:

> **DEALER'S OBLIGATIONS UPON TERMINATION OR NONRENEWAL.**  If this Agreement is terminated or not renewed: (a) Dealer shall no longer resell any [Kicker] products and not use any designation consisting of or including the trade name or trademark of [Kicker] in connection with any [Kicker] Products or for any purpose, and Dealer shall cease representing itself as an authorized [Kicker] Dealer…

32.     Despite the termination of the Agreement, Defendant continues to advertise and sell Kicker Products, use Kicker's intellectual property, including, but not limited to,

318960671.3

the Kicker Marks, and represent itself as an Authorized Dealer of Kicker Products. Below

is an example of Defendant's advertisement[2] purporting to be and Authorized Dealer:



33.     Even after Kicker terminated Defendant as an Authorized Kicker Dealer,

Defendant continues to offer Kicker Products without authorization on various online

commerce sites, including, but not limited to, eBay.com, using the seller names "702-

motoring" and "A2Z-Car-Audio-Superstore", and www.702motoringlasvegas.com/.

Examples of Defendant's unauthorized product listings from eBay.com and

www.702motoringlasvegas.com are below:

---

[2] https://www.702motoringlasvegas.com/product-page/kicker-41km604b-km6204b-11km6204b-bkm60-bkm604b-
marine-boat-speakers-6-5-inch

318960671.3







34.    The Kicker Products sold by Defendant without authorization are not protected by the Kicker Manufacturer's Warranty and are not supported by the customer service that Authorized Kicker Dealers are required to provide.

318960671.3

35.     Defendant's unauthorized use of the Kicker Marks and advertisement and sale of Kicker Products intentionally misrepresents to consumers that Defendant is an Authorized Kicker Dealer and the products sold by Defendant are covered by the Kicker Manufacturer's Warranty and supported by the customer service that Authorized Kicker Dealers are required to provide.

36.     Defendant's unauthorized use of the Kicker Marks and advertisement and sale of Kicker Products creates the false and/or misleading impression that Defendant is among Kicker's Authorized Dealer Network, which it is not, and is likely to cause (and has caused) consumer confusion and disappointment when, for example, consumers learn that the Kicker Products that they have purchased from Defendant were not sold by a Kicker Authorized Dealer and are not covered by the Kicker Manufacturer's Warranty and supported by the customer service that Authorized Kicker Dealers are required to provide.

37.     The harm being caused by Defendant is not theoretical.  Purchasers of Defendant's products via eBay.com and www.702motoringlasvegas.com/ receive products which are not as advertised. ant's false and misleading advertisements.

38.     Specifically, Defendant falsely advertised the following Kicker Product on www.702motoringlasvegas.com/:

318960671.3



39.     Instead of shipping and selling the advertised Kicker Product, KICKER 40CS54, Defendant shipped a completely different Kicker Product, KICKER 43CSC54.

318960671.3





40.    Consumers rely upon Defendant's false and/or misleading representations that it is an Authorized Kicker Dealer, that the products advertised are the same as those being sold, and that the products sold by Defendant are covered by the Kicker

Manufacturer's Warranty and supported by the customer service that Authorized Kicker Dealers are required to provide.

41.     Defendant's unauthorized use of the Kicker Marks, sale of Kicker Products, and false and/or misleading representations that it is an Authorized Kicker Dealer as aforesaid has harmed, and continues to harm, Kicker and its relationship with its Authorized Dealers.

42.     Defendant's actions cause consumer confusion and deception when, among other things, consumers are misled into believing that they are purchasing Kicker Products from an Authorized Kicker Dealer, are not the same products as advertised, and that the products sold by Defendant are covered by the Kicker Manufacturer's Warranty and supported by the customer service that Authorized Kicker Dealers are required to provide.

43.     Defendant's actions substantially harm consumers when, among other things, consumers are disappointed upon learning that the Kicker Products they purchased from Defendant were not sold by an Authorized Kicker Dealer, are not the same products as advertised, and not covered by the Kicker Manufacturer's Warranty and supported by the customer service that Authorized Kicker Dealers are required to provide.

44.     Defendant's actions substantially harm Kicker's goodwill and reputation when, among other things, consumers learn that the Kicker Products they have purchased from Defendant were not sold by an Authorized Kicker Dealer and covered by the Kicker Manufacturer's Warranty and supported by the customer service that Authorized Kicker Dealers are required to provide.

318960671.3

45.     The sale of Kicker Products by unauthorized resellers, such as Defendant, interferes with Kicker's ability to control the quality of products bearing the Kicker Marks.

46.     As a result of Defendant's actions, Kicker is suffering the loss of the enormous goodwill it created in the Kicker Marks.

47.     Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Kicker's irreparable harm.

## COUNT I - BREACH OF CONTRACT

48.     Kicker hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

49.     The Agreement was a valid and binding contract between Kicker and Defendant.

50.     Kicker fully performed its material obligations under the Agreement at all relevant times herein.

51.     Defendant materially breached the Agreement by selling Kicker Products on the Internet, including, but not limited to, eBay.com and www.702motoringlasvegas.com, which the Agreement expressly prohibited.

52.     As a direct and proximate result of Defendant's actions, Kicker has been and continues to be injured irreparably and has sustained significant damages in an amount to be determined by the evidence at trial.

53.     Such conduct on the part of Defendant has caused and will continue to cause irreparable injury to Kicker unless it is enjoined.

318960671.3

## COUNT II
## UNFAIR COMPETITION, FALSE ADVERTISING, AND
## FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125)

54.     Kicker hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55.     This is a claim for federal trademark infringement under 15 U.S.C. § 1125.

56.     Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that falsely designate the origin of Defendant's goods and services, falsely represent sponsorship by, affiliation with, or connection to Kicker and its goods and services, and/or falsely represent the nature, qualities, and characteristics of Kicker's Products sold by it in violation of 15 U.S.C. § 1125.

57.     Defendant's continued, unauthorized use of the Kicker Marks and advertisement and sale of Kicker Products constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125.

58.     Defendant's unauthorized use of the Kicker Marks and advertisement and sale of Kicker Products intentionally misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods and services.   Specifically, Defendant's unauthorized use of the Kicker Marks and advertisement and sale of Kicker Products intentionally misrepresents to consumers that Defendant is an Authorized Dealer of Kicker Products and the products sold by Defendant are covered by the Kicker Manufacturer's

17

Warranty and supported by the customer service that Authorized Kicker Dealers are required to provide.

59.     Defendant's continued, unauthorized use of the Kicker Marks and advertisement and sale of Kicker Products creates a false description and false designation of origin in violation of 15 U.S.C. § 1125, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to Kicker's goodwill and reputation as symbolized by the Kicker Marks, for which Kicker has no adequate remedy at law.

60.     Defendant's unauthorized use of the Kicker Marks and advertisement and sale of Kicker Products to mislead and deceive consumers into believing that Defendant is an Authorized Dealer of Kicker Products and that the products sold by Defendant are covered by the Kicker Manufacturer's Warranty and supported by the customer service that Authorized Kicker Dealers are required to provide demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with the Kicker Marks, thereby causing immediate, substantial, and irreparable injury to Kicker.

61.     As a direct and proximate result of Defendant's actions, Kicker has been, and continues to be, damaged by Defendant's activities and conduct.  Defendant has profited thereby, and, unless its conduct is enjoined, Defendant's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.  Accordingly, Kicker is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 restraining Defendant, its distributors, retailers, agents, employees,

representatives, and all persons acting in concert with it, from engaging in further acts of trademark infringement.

62.     Kicker is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

63.     Kicker is entitled to a disgorgement of Defendant's profits received due to its conduct described herein pursuant to 15 U.S.C. § 1117.

<u>COUNT III</u>
<u>DECEPTIVE TRADE PRACTICES</u>
**(78 Okl. St. § 51, *et seq.*)**

64.     Kicker hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

65.     Defendant's past and continued trademark infringement, false advertising and false designation of origin, and intent to deceive and defraud the consuming public into believing that Defendant is an Authorized Kicker Dealer, which it is not, and that the products sold by Defendant are covered by the Kicker Manufacturer's Warranty and supported by the customer service that Authorized Kicker Dealers are required to provide, which they are not, constitutes unfair and deceptive trade practices in violation of the Oklahoma Deceptive Trade Practices Act.

66.     Defendant's past and continued trademark infringement, false advertising and false designation of origin, and intent to deceive and defraud the consuming public into believing that Defendant is an Authorized Kicker Dealer, which it is not, and that the products sold by Defendant are covered by the Kicker Manufacturer's Warranty and supported by the customer service that Authorized Kicker Dealers are required to provide,

318960671.3

which they are not, is likely to cause confusion and mistake among consumers as to the source, sponsorship, approval, or certification of the Kicker Products sold by Defendant.

67.     Defendant's past and continued trademark infringement, false advertising and false designation of origin, and intent to deceive and defraud the consuming public into believing that Defendant is an Authorized Kicker Dealer, which it is not, and that the products sold by Defendant are covered by the Kicker Manufacturer's Warranty and supported by the customer service that Authorized Kicker Dealers are required to provide, which they are not, is likely to cause confusion and mistake among consumers as to the characteristics and qualities of the Kicker Products sold by Defendant.

68.     Defendant's unfair and deceptive trade practices have proximately caused Kicker to suffer actual damages in lost sales, and has also proximately cause Kicker to suffer harm to its goodwill and reputation, because consumers who purchase Kicker Products from Defendant believing Defendant to be an Authorized Dealer of Kicker Products are disappointed with *Kicker* when the product purchased does not meet their expectations.

69.     As a direct result of Defendant's unfair and deceptive trade practices, customers seeking Kicker Products from an Authorized Dealer did not purchase them from Kicker (or its Authorized Dealers) and instead unknowingly purchased them from Defendant.  Therefore, the demand for Kicker Products created by Kicker was not fulfilled by the purchase of a Kicker Product from an Authorized Dealer.  This results in lost revenue and actual damages to Kicker.

70.     As a direct result of Defendant's unfair and deceptive trade practices, Kicker has been injured and damaged, and is entitled to injunctive relief, actual damages, costs, and attorneys' fees.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Kicker prays for judgment in its favor and against Defendant providing the following relief:

1.      For temporary, preliminary, and permanent injunctive relief prohibiting Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with it, including, but not limited to, any online platform, such as eBay.com and www.702motoringlasvegas.com, or any website, website host, website administrator, domain registrar, or internet service provider, from:

    a.      using, or attempting to use, any of the Kicker intellectual property, including, but not limited to, the Kicker Marks;

    b.      engaging in any false or misleading advertising with respect to Kicker Products, which relief includes, but is not limited to, removal of all of Defendant's listings for Kicker Products from the Internet, including but not limited to, on eBay.com and www.702motoringlasvegas.com;

    c.      acquiring, or taking any steps to acquire, any Kicker Products in violation of Kicker's Authorized Dealer Agreements, or through any other improper or unlawful channels;

    d.      advertising, selling, or taking any steps to sell, any Kicker Products;

21

     e.      engaging in any activity constituting unfair competition with Kicker; and

     f.      inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

2.      For an order requiring Defendant to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of the Kicker Products sold by it, including without limitation, the placement of corrective advertisement and providing written notice to the public to cure any residual impacts from Defendant's false advertising;

3.      Adjudge Defendant to have materially breached the Agreement and award Kicker liquidated damages in the amount of Five Hundred Dollars ($500.00) per unit of Kicker Product that Defendant offered for sale or sold in violation of the Agreement, as permitted by Section 5 of the Agreement;

4.      Adjudge Defendant to have violated 15 U.S.C. § 1125(a) and 78 Okl. St. § 51, *et seq.* by unfairly competing against Kicker by using false, deceptive, or misleading statements of fact that misrepresent the source, sponsorship, nature, quality, and characteristics of the Kicker Products sold by it;

5.      Award Kicker its damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

6.      Award Kicker the disgorgement of Defendant's profits as provided by law pursuant to 15 U.S.C. § 1117;

318960671.3

7.      Award Kicker its reasonable attorneys' fees in bringing this action as allowed by law pursuant to 15 U.S.C. § 1117;

8.      Award Kicker pre-judgment and post-judgment interest in the maximum amount allowed under the law;

9.      Award Kicker the costs incurred in bringing this action; and

10.     Grant Kicker such other relief as this Court deems just and proper.

## JURY TRIAL CLAIM

Kicker hereby requests trial by jury on all claims so triable.

318960671.3

Respectfully submitted,

Plaintiff,

Stillwater Designs & Audio, Inc.,

by its attorneys,

s/ J. Blake Johnson
J. Blake Johnson, OBA No. 32433
Kelsey Frobisher Schremmer, OBA No. 35841
OVERMAN LEGAL GROUP, PLLC
809 NW 36th Street
Oklahoma City, Oklahoma 73118
Telephone:     (405) 605-6718
Facsimile:      (405) 605-6719
Email: blakejohnson@overmanlegal.com
          kelseyschremmer@overmanlegal.com

-And-

Michael R. Murphy (*to be admitted pro hac vice*)
Morgan T. Nickerson (*to be admitted pro hac vice*)
K&L GATES LLP
One Congress Street, Suite 2900
Boston, MA 02114
Telephone:    (617) 261-3100
Facsimile:     (617) 261-3175
Email: michael.r.murphy@klgates.com
          morgan.nickerson@klgates.com

Dated: July 30, 2024

318960671.3