## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STILLWATER DESIGNS AND AUDIO INC. d/b/a KICKER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-24-784-SLP |
| PAUL KLEIN d/b/a 702 MOTORING, | ) ) ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is the Partial Motion to Dismiss [Doc. No. 12] filed by Defendant Paul Klein d/b/a 702 Motoring. Plaintiff Stillwater Designs and Audio Inc. d/b/a Kicker filed a Response [Doc. No. 14], and Defendant filed a Reply [Doc. No. 15]. Plaintiff's Complaint [Doc. No. 1] asserts three claims for relief, but Defendant moves to dismiss only the breach of contract claim.

### I.    **Background[1]**

Plaintiff Kicker "designs, manufactures, and sells a variety of audio products . . . through authorized distributors and dealers." [Doc. No. 1] ¶ 8. Plaintiff has developed "a nationwide network of authorized dealers" to sell its products. *Id.* ¶ 19. Parties who wish to join the authorized dealer network must "execute an agreement" which requires them to "meet certain customer service responsibilities"—including "maintain[ing] current

---

[1] The Court accepts all well-pleaded factual allegations in the Complaint as true and construes them in the light most favorable to Plaintiff. *See Farmer v. Kan. State Univ.*, 918 F.3d 1094, 1102 (10th Cir. 2019). The Court agrees with Plaintiff that the Motion, perplexingly, either "overlooked[] or ignored" most of these allegations. [Doc. No. 14] at 10. Indeed, the Motion only cites or discusses paragraphs 28, 31, and 49–51 of the Complaint.

knowledge of Kicker Products and assist[ing] with repairs and service under the Kicker Manufacturer's Warranty—and "to sell Kicker Products only at the locations and websites designated in the Authorized Dealer Agreement." *Id.* ¶ 20. While Kicker products carry a warranty, that warranty is only valid when the customer purchases a product from a seller who is part of the authorized dealer network. *Id.* ¶ 23.

Defendant sells products through eBay and its own website. *Id.* ¶ 9. On January 29, 2021, Defendant entered into an authorized dealer agreement with Plaintiff.[2] *Id.* ¶¶ 24, 26. Kicker "terminated the Agreement in writing on June 16, 2022" pursuant to Section 12 of the contract.[3] *Id.* ¶¶ 28–30. Section 15 of the contract sets forth the "dealer's obligations upon termination" of the agreement. *Id.* ¶ 31. Under that provision, Defendant agreed to cease doing the following upon termination of the agreement: (1) "resell[ing] any Kicker products," (2) "us[ing] any designation consisting of or including the trade name or trademark of Kicker in connection with any Kicker Products or for any purpose," and (3) "representing itself as an authorized" dealer of Plaintiff's products. *Id.* (cleaned up).

After Plaintiff terminated the agreement, Defendant continued advertising and selling Plaintiff's products under the Kicker brand name. *Id.* ¶¶ 32–33. The listings for these products indicated that Defendant was an authorized Kicker dealer such that its

---

[2] The agreement is not attached to Plaintiff's Complaint or Defendant's Motion. Accordingly, the only provisions available to the Court are the two quoted in the Complaint.

[3] Section 12 of the agreement provides: "DURATION / TERMINATION OF AGREEMENT: Either party may terminate this Agreement at any time by giving thirty (30) days' notice of termination to the other. No termination will release Dealer from any of its obligations accrued prior to termination." [Doc. No. 1] ¶ 29.

products would be covered by Kicker's three-year warranty. *Id.* ¶¶ 32–33. Plaintiff alleges Defendant's continued sale of its products has caused harm by "interfer[ing] with Kicker's ability to control the quality of products bearing the Kicker Marks," confusing consumers who wrongly believe they are purchasing Kicker products covered by a manufacturer's warranty, and damaging Kicker's goodwill and reputation with both its customers and its authorized dealer network. *Id.* ¶¶ 41–45.

## II.    <u>Legal Standard</u>

Defendant moves to dismiss the breach of contract claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). To survive a Rule 12(b)(6) challenge, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is facially plausible when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). While the complaint need not contain "detailed factual allegations," it must include "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to avoid dismissal. *Twombly*, 550 U.S. at 555.

## III.    <u>Analysis</u>

The allegations set forth above are plainly sufficient to state a breach of contract claim. *See Cates v. Integris Health, Inc.*, 412 P.3d 98, 103 (Okla. 2018) (listing elements of this claim as: "(1) the formation of a contract, (2) breach of the contract, and (3)

damages as a result of that breach").[4]  First, Plaintiff alleges Defendant entered into an authorized dealer agreement to sell Kicker products.[5]  Next, Plaintiff alleges Defendant continued selling Kicker products under the Kicker brand name and holding itself out as an authorized dealer, even after Plaintiff terminated the agreement.  Taken as true, these allegations violate Section 15 of the agreement, as set forth in the Complaint.  Finally, Plaintiff alleges Defendant's post-termination conduct caused harm to Kicker's brand, reputation, and relationships.  These factual allegations go far beyond mere "labels and conclusions" or a "formulaic recitation of the elements."  *Twombly*, 550 U.S. at 555.

Defendant's arguments to the contrary are unavailing.  First, it contends Plaintiff should have attached the contract to its Complaint or included specific factual allegations about the consideration supporting the contract formation.  Defendant cites no legal authority suggesting that a breach of contract claim is necessarily subject to dismissal under Rule 12(b)(6) for either of these reasons.[6]  As explained above, the allegations concerning the agreement include sufficient detail at this stage.

Next, Defendant appears to seek dismissal on the basis that some of the Complaint's allegations are not credible.  *See, e.g.,* Mot. at 2 ("Plaintiff only points to

---

[4] Both parties rely on Oklahoma law, so the Court does the same.

[5] Defendant argues the Complaint includes nothing more than legal conclusions.  The Court disagrees with this characterization.  As set forth above, the Complaint includes specific facts about the terms of the authorized dealer agreement and an allegation that Defendant executed such an agreement on January 29, 2021.

[6] In fact, other than cases articulating the legal standard for a motion to dismiss and the elements of a breach of contract claim under Oklahoma law, Defendant's four-page motion is devoid of legal authority.

two supposed provisions within the purported Agreement . . . ); *id.* at 3 ("Indeed, if these two alleged contractual provisions actually exist . . .").  But, as Defendant acknowledges, the Court accepts all well-pleaded factual allegations as true at this stage.  *See id.* at 1–2.  Any argument challenging the veracity of these facts is wholly unpersuasive.

Finally, Defendant seeks dismissal because the two contract provisions included in the Complaint appear to conflict and, in Defendant's view, could render the contract unconscionable.  But without the benefit of the entire agreement or further analysis supported by relevant legal authority, the Court cannot meaningfully address this argument.[7]

IT IS THEREFORE ORDERED that Defendant's Partial Motion to Dismiss [Doc. No. 12] is DENIED.

IT IS SO ORDERED this 31st day of January, 2025.

_____
**SCOTT L. PALK**
**UNITED STATES DISTRICT JUDGE**

---

[7] In Reply, Defendant makes several arguments that could have been—but were not—included in its motion.  *See* [Doc. No. 15] at 3–4.  Specifically, Defendant's Reply challenges the sufficiency of factual allegations it chose to omit from its Motion.  The Court declines to consider these arguments for the first time in reply.  *See SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009) (recognizing "general rule . . . that a party waives issues and arguments raised [] for the first time" in a reply brief); *In re Samsung Top-Load Washing Mach. Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 17-ML-2792-D, 2018 WL 3676971, at *6 n.6 (W.D. Okla. Aug. 2, 2018) (applying *SCO Group*'s general rule to briefing before district court).